So Ordered.

Dated: December 15th, 2016

Frederick P. Corbit
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>JIMMY LOUIS GOMEZ and<br>TERIGENE DIANE GOMEZ,<br><br>Debtors. | Case No. 08-00129-PCW13<br><br>**NOT FOR PUBLICATION** |
| ESTATE OF WALTER LITTLE,<br>SHELENE ERICKSON, Personal<br>Representative,<br><br>Plaintiff,<br><br>v.<br><br>JIMMY LOUIS GOMEZ and<br>TERIGENE DIANE GOMEZ,<br><br>Defendants. | Adversary No. 08-80045-FPC<br><br>MEMORANDUM DECISION RE:<br>DEFENDANTS' MOTION FOR<br>RELIEF FROM JUDGMENT |

## **INTRODUCTION**

Jimmy and Terigene Gomez move to set aside the judgment this court entered against them. The judgment is in favor of the Estate of Walter Little and was entered

roughly eight years ago ("Bankruptcy Court Judgment").[1] Mr. and Mrs. Gomez assert that the Bankruptcy Court Judgment should be set aside because the bankruptcy court either lacked jurisdiction to enter the judgment or because the Bankruptcy Court Judgment created an unintended duplicate money judgment of $100,200.00. The court concludes that the Bankruptcy Court Judgment should not be set aside; however, the Bankruptcy Court Judgment requires clarification because of the confusion caused by the poorly crafted documents filed in this case in 2008. The confusion has led to the attorneys for the Estate of Walter Little significantly overstating the balance owed by Mr. and Mrs. Gomez on the Bankruptcy Court Judgment.[2]

## BACKGROUND

In 2004, a Montana judgment was entered against Terigene Gomez in favor of Walter Little ("Montana Judgment').[3] For collection purposes, the Montana Judgment was registered as a foreign judgment in the Superior Court for Spokane

---

[1] This court has original and exclusive jurisdiction of this bankruptcy case pursuant to 28 U.S.C. § 1334(a). This memorandum decision includes the court's findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052 (applying FED. R. CIV. P. 52 in adversary proceedings).

[2] Mr. and Mrs. Gomez have new counsel. In 2008 when this issue was litigated, they were represented by Robert C. Hahn, III. Now, they are represented by Kristen Elizabeth Cusick of Quiroga Law Office, PLLC.

[3] In 2004, prior to the filing of the bankruptcy petition, the Montana Eleventh Judicial District Court of Flathead County under cause number DG-02-059 C entered judgment against Terigene Gomez in the amount of $100,200.00. ECF. No. 1.

County, Washington.[4] In 2008, Terigene Gomez and her husband Jimmy Gomez filed for Chapter 13 bankruptcy protection. Shortly thereafter, the Estate of Walter Little, represented by attorney Bruce Boyden, filed a complaint requesting that this court conclude "[t]he $100,200.00 in transfers by Terigene Gomez [of funds that allegedly belonged to Walter Little] and subsequent Judgment are non-dischargeable pursuant to 11 U.S.C. §523(a)(4)." ECF No. 1, p. 2.[5]

Although the complaint sought a nondischargeability determination as to the Montana Judgment; the prayer for relief requested both (1) "an order determining the debt to the Estate of Walter Little to be non-dischargeable;" and (2) "[f]or judgment against Jimmie & Terigene in the amount of $100,200.00." *See* ECF No. 1, p. 2. Thus, it is difficult for the court to determine what exactly the Estate of Walter Little was seeking in 2008. Based on the language of the complaint, there are three plausible interpretations of the relief requested: (1) a determination that the Montana Judgment was non-dischargeable; or (2) entry of a replacement judgment, for the same amount, but against both debtors (not just Terigene Gomez); or (3) entry of an additional $100,200.00 judgment against both debtors (resulting in a total non-dischargeable judgment debt of $200,400.00).

---

[4] On May 25, 2005, the Montana Judgment was filed as a foreign judgment under Spokane County Superior Court number 05-2-02478-4. *See* ECF Nos. 34 and 38.

[5] From the record, the court does not know when Walter Little died, but the court assumes that his death was after the entry of the Montana Judgment and before the complaint in this case was filed.

1  Attorney Robert C. Hahn, III, filed an answer to the complaint on behalf of

2  *both* Jimmy and Terigene Gomez. ECF No. 8. The answer surprisingly made no

3  mention of the fact that the Montana Judgment was solely against Terigene Gomez,

4  nor did the answer seek clarification as to the ambiguous and perhaps even

5  contradictory language of the complaint.

6  The Estate of Walter Little then filed a motion for summary judgment.

7  Unfortunately, the summary judgment motion did not clarify what relief the plaintiff

8  was seeking as the motion consisted of only two sentences. *See* ECF No. 13. The

9  summary judgment motion merely stated: "the plaintiff by and through its attorney,

10 Bruce R. Boyden, . . . moves the court for an Order on Summary Judgment finding

11 *the debt* owed to the plaintiff in the amount of $100,20000 [sic] is nondischargable

12 [sic] pursuant to 11 USC § 523(a)(4)." *See* ECF No. 13 (emphasis added).

13 Thus, the summary judgment motion, rather than clarifying the relief being

14 requested, created additional confusion. For instance, the summary judgment motion

15 refers to "*the debt*." What debt? Is this the debt reduced to judgment in Montana or

16 is it judgment debt that would result from a Bankruptcy Court Judgment?

17 Additionally, the motion states "owed to the plaintiff," however the motion does not

18 specify *who* owes the debt. Do both debtors owe the debt to the plaintiff or just

19 Terigene Gomez? Finally, and importantly, the summary judgment motion makes no

20 mention of pre- or post-judgment interest and there is no request for any interest to

1 be found nondischargeable. Rather, the summary judgment motion merely requested

2 that the court find "the amount of $100,20000 [sic]" nondischargeable.

3       On October 20, 2008, the bankruptcy court held a hearing on the summary

4 judgment motion. After hearing the motion, the court entered a simple order granting

5 the Estate of Walter Little's Motion for Summary Judgment, stating: "[t]he

6 Plaintiff's Motion for Summary Judgment filed with the court on July 10, 2008 is

7 GRANTED." ECF No. 24. On November 4, 2008, after the court entered the *order*

8 granting the *motion*, the Estate of Walter Little submitted a "Request for Entry of

9 *Order* Granting *Motion*" and then submitted a judgment for the court to sign. *See*

10 ECF Nos. 25 and 26 (emphasis added).

11       Consistent with the previous filings in the case, the judgment that was

12 proposed by Mr. Boyden and signed off on by Mr. Hahn, lacked clarity and

13 contributed to the current confusion. The Bankruptcy Court Judgment states in

14 relevant part:

| | |
|---|---|
| Judgment Amount | $100,200.00 |
| Interest Owed to Date of Judgment | $ - 0 - |
| Taxable Costs: | |
| Filing Fee | $250.00 |
| Attorney's Fees | $200.00 |
| Total Judgment: | $100,650.00 |

      THIS MATTER having come before the above-entitled court on the Plaintiff's Motion for Summary Judgment, the court having heard argument of counsel, and having reviewed the files and records herein, and having granted me plaintiff's motion:

MEMORANDUM DECISION RE: DEFENDANTS' MOTION . . . ~ Page 5

> IT IS HEREBY ORDERED ADJUDGED AND DECREED that the plaintiff have and recover from the defendants, Jimmy & Terigne [sic] Gomez as follows:
>
> 1. Judgment against the defendant in the principal amount of $100,200.00.
> 2. Interest to run on said Judgment as allowed by law;
> 3. For costs in the amount of $250.00; and attorneys fees in the amount of $200.00
> 4. For such other relief the court deems just and equitable under the premises.
>
> IT IS HEREBY FURTHER ORDERED AND DECREED THAT:
>
> Said Judgment is Non Dischargeable pursuant to 11 USC § 523 (a)(4) in the Debtors Bankruptcy Case No. 08-00129 or any subsequent case file by the debtors.

*See* ECF No. 26.

Notably, counsel for both parties approved the judgment as written. The judgment was presented by Mr. Boyden and signed by Mr. Hahn who indicated that "Notice of Presentment [was] Waived." ECF No. 26. Mr. Hahn signed as "Attorney for Defendant," even though both Terigene and Jimmy were named in the judgment as "Judgment Debtors." ECF No. 26. The proposed judgment was signed by the Honorable Patricia C. Williams, United States Bankruptcy Judge, and it was entered by the bankruptcy court on November 20, 2008 [ECF No. 26].

Now, eight years later, the Gomezes seek to have the judgment set aside. Mr. and Mrs. Gomez concluded that the Bankruptcy Court Judgment must have created a

duplicate monetary judgment because the alleged balance on the judgment is over $200,000. The attorney for the Gomezes asserts that the intent and effect of the Bankruptcy Court Judgment was determining the nondischargeability of the Montana Judgment and that the Bankruptcy Court Judgment was not intended to provide additional or duplicate relief. *See* ECF Nos. 28 and 38. Mr. and Mrs. Gomez explain why this issue is only now coming before the court by arguing:

> The reason [for] their delay . . . is because the Defendants knew there was a judgment entered against Terigene entered in 2004 and that it had been ruled non-dischargeable in their bankruptcy. The first garnishment did not get filed until 2013, and Defendants were aware of the non-dischargeability ruling, so collection attempts did not raise any red flags. However, it was the fact that the balance remained so high after such a long amount of time that they reached out to an attorney to review their balance. It was only then, in mid May of 2016, that the Defendants were aware that there were duplicate judgments pending, doubling the amount owed to Plaintiff to over $200,400.00. As soon as they became aware of this issue, they acted expeditiously to bring a CR 60 motion to vacate.

ECF No. 34, p. 4.

Mr. and Mrs. Gomez argue that the Bankruptcy Court Judgment must be vacated in the interest of justice because it allegedly provides a duplicate award of $100,200.00 to the Estate of Walter Little. Mr. and Mrs. Gomez argue that this court can vacate the Bankruptcy Court Judgment by finding that either the bankruptcy court lacked jurisdiction to enter a monetary judgment against both debtors, or

alternatively, pursuant to FED. R. CIV. P. 60(b)(6), because the Bankruptcy Court Judgment was never intended to be a duplicate award. ECF No. 39. According to Mr. and Mrs. Gomez, "[v]acating the duplicate award under CR 60(b)(6) serves justice by eliminating the double award without disturbing the ruling of non-dischargeability and award of costs and fees." ECF No. 39, p. 4.

The attorneys for the Estate of Walter Little disagree, arguing that there is only one judgment but the balance is so high because of the accrued interest. Michael J. Beyer, the collection attorney for the Estate of Walter Little, explains that there is no duplication of judgments and that the balance is high because it includes: $38,871.45 of interest that accrued on the Montana Judgment, at the rate of 10 percent per annum, between April 20, 2004 through January 12, 2009; and $51,257.03 of interest that accrued, at the Washington judgment interest rate of 12 percent per annum, from January 12, 2009 through April 12, 2013. ECF No. 46, p. 8. Mr. Boyden, on behalf of the Estate of Walter Little, insists that the Bankruptcy Court Judgment should not be vacated because there is only one judgment against Mr. and Mrs. Gomez. Mr. Boyden states:

> In order to collect on the Bankruptcy Court Judgment it was filed as a Foreign Judgment in the Spokane Superior Court Case # 09-00290. Notice of the filing of the Foreign Judgment was sent to the Defendants who did not contest the same. (RCW6.36et seq.) Garnishments were issued under the 09-00290 Judgment and were never contested. No collection attempts ever occurred with the 05-2-02478 Judgment [which resulted from the original Montana Judgment being filed as a foreign judgment in Spokane] nor will any attempts in the future occur. See

> affidavit of Michael J, Beyer filed in regard to the collection of the nondischargeable debt. The only judgment to be collected upon is the 09-00290 Judgment and if this court vacated the judgment entered by Judge Williams then the Plaintiff will have no remedies since the Montana Judgment and the 05-2-02478-4 Foreign Judgment have been discharged. The remedy that the Defendants have is to void the 05-2-024484-4 [sic] Foreign Judgment pursuant to 11 USC §522 (f).

ECF No. 43, p. 3.

Notwithstanding the fact that both attorneys for the Estate of Walter Little agree that there is only one judgment, they appear to claim interest pursuant to the Montana Judgment (that they admit was discharged) and the Bankruptcy Court Judgment. The court is concerned about the accounting. Before and after the Bankruptcy Court Judgment was entered, Mr. and Mrs. Gomez made all of their required payments in accordance with a confirmed Chapter 13 plan. These payments resulted in at least $10,994.52 being disbursed to the Estate of Walter Little between January 15, 2008 and April 23, 2013. *Chapter 13 Standing Trustee's Final Report and Account,* Ch. 13 Case No. 08-00129-PCW13 (ECF No. 78, p. 2).

On April 5, 2013, Mr. and Mrs. Gomez received a discharge of debts, with the exception of the debt set forth in the Bankruptcy Court Judgment. *Discharge of Debtor After Completion of Chapter 13 Plan*, Ch. 13 Case No. 08-00129-PCW13 (ECF No. 76). The Gomez bankruptcy case was closed on April 25, 2013. *Final Decree*, Ch. 13 Case No. 08-00129-PCW13 (ECF No. 80). After the Gomez bankruptcy case was closed, Mr. and Mrs. Gomez continued to make payments on

the judgment (through wage garnishments), and have paid at least an additional $10,466.59 between May of 2013 and June of 2016. ECF No. 49, Exs. A-G. However, according to the accounting prepared by Mr. Beyer, because of the interest being claimed, the balance owed on the Bankruptcy Court Judgment continued to grow and was $213,390.11 as of November 10, 2016. ECF No. 46, p. 11.

## DISCUSSION

**1. The bankruptcy court had jurisdiction and authority to liquidate the claims of Walter Little and to determine the dischargeability of those claims.**

Dischargeability actions are "central to federal bankruptcy proceedings," and they are "necessarily resolved during the process of allowing or disallowing claims against the estate." *Carpenters Pension Trust Fund for N. Cal. v. Moxley*, 734 F.3d 864, 868 (9th Cir. 2013). Indeed, determinations as to the dischargeability of particular debts are expressly included in the statutory list of core proceedings. *See* 28 U.S.C. § 157(b)(2)(I); *see also* § 523(c) (the debtor shall be discharged from a debt of the kind specified in § 523(a)(2), (4) and (6) unless, after notice and a hearing, "the [bankruptcy] court determines such debt to be excepted from discharge. . . ."); *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 869-70 (9th Cir. 2005).

Thus, the bankruptcy court had jurisdiction to determine the dischargeability of the Montana Judgment. Additionally, contrary to the assertions of Mr. and Mrs.

Gomez, the bankruptcy court also had the constitutional authority to enter an independent final judgment determining the amount of the Estate of Walter Little's claims against the Gomezes, and the dischargeability of those claims. In *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015 (9th Cir. 1997), the Ninth Circuit held that the bankruptcy court could liquidate the debt and enter a final judgment in conjunction with determining that the debt was excepted from discharge under § 523(a). The *Cowen* court noted that it is impossible to separate the determination of dischargeability function from the function of fixing the amount of the non-dischargeable debt. *Id.* at 1017-18. Therefore, this court finds that the bankruptcy court had the authority and jurisdiction to not only determine the nondischargeability of claims, but also to liquidate, if necessary, the amount of those claims. Therefore, the Bankruptcy Court Judgment will not be vacated for lack of jurisdiction.

**2. There is only one judgment and therefore, there is no reason to set aside pursuant to Federal Rule of Civil Procedure 60(b).**

Federal Rule of Civil Procedure 60(b), which applies in bankruptcy proceedings through FED. R. BANKR. P. 9024, provides a mechanism for a party to seek relief from a final order. It states:

> (b) Grounds for Relief from a Final Judgment, Order or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . . .
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Pursuant to Rule 60(b)(6), the court may grant relief from a final judgment or order if there exists a "reason justifying relief." While this is a seemingly "catch-all" phrase, the courts have construed it strictly. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988); *Klapprott v. United States*, 335 U.S. 601 (1949). Indeed, Rule 60(b)(6) should only be invoked to apply to errors or actions beyond a party's control. *Community Dental Services v. Tani*, 282 F.3d 1164, 1170, n.12 (9th Cir. 2002). The Ninth Circuit has heeded the Supreme Court's admonitions to use Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* To qualify for relief under Rule 60(b)(6), a moving party must "show both injury and that circumstances beyond its control prevented timely action to protect its interests. Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)." *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998).

In this case, the court finds there are no reasons that would justify vacating the Bankruptcy Court Judgment. Most importantly, because there are not two nondischargeable judgments against Mr. and Mrs. Gomez as they allege. Additionally, in 2008, when this adversary proceeding was litigated, both sides were

represented by an attorney and had ample opportunity to present their case. The attorney for the plaintiff had the opportunity to prepare a complaint, a motion for summary judgment, and a final judgment; likewise, the attorney for Mr. and Mrs. Gomez reviewed and signed the proposed judgment acknowledging his approval. "[W]here parties have made deliberate litigation choices, Rule 60(b)(6) should not provide a second chance." *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989). Therefore, the court finds that Mr. and Mrs. Gomez have not established any basis to vacate the Bankruptcy Court Judgment.

### 3. Clarification

Although the court finds no reason to vacate the Bankruptcy Court Judgment, the court acknowledges that the Bankruptcy Court Judgment has caused confusion. Unfortunately, because the parties were not diligent in drafting precise court documents eight years ago, this court now faces the difficult task of interpreting the meaning of the Bankruptcy Court Judgment. The amount of time that has passed and the fact that the bankruptcy judge who originally presided in this case has since retired, complicates the issue even further. However, after spending considerable time reviewing the pleadings, documents, and testimony, the court makes six additional findings.

First, the court finds that in 2008, the Estate of Walter Little, by presenting the Bankruptcy Court Judgment, was seeking a replacement judgment. Therefore, the

Bankruptcy Court Judgment is the only judgment that is nondischargeable and survived the Gomez bankruptcy. *See In re Deitz*, 760 F.3d 1038, 1046 (9th Cir. 2014) (affirming "the authority of the bankruptcy court to liquidate a creditor's state law claim, and to enter a final money judgment, in actions to determine nondischargeability under § 523(a)").

Second, the original principal amount of the Bankruptcy Court Judgment is $100,650.00. The amount is $100,650.00 because: (1) it is the amount specified on the form of the judgment presented by the Estate of Walter Little; (2) it is the amount approved by the attorney for Mr. and Mrs. Gomez; and (3) it is the amount set forth in the final judgment entered by the bankruptcy court.

Third, there is no interest owed by Mr. and Mrs. Gomez prior to November 20, 2008, the date the Bankruptcy Court Judgment was entered, because prejudgment interest was discharged. Nowhere in the adversary complaint or in the motion for summary judgment did the plaintiff request that accrued interest be included as a nondischargeable debt. Indeed, the Bankruptcy Court Judgment provides that "Interest Owed to Date of Judgment" is "$ -0-." Additionally, since prejudgment interest was not included with the sums that the Estate of Walter Little asserted should be excepted from the Gomez discharge, Mr. and Mrs. Gomezes' liability for prejudgment interest was discharged pursuant to 11 U.S.C. § 1328. As a result, the attempts by the attorney for the Estate of Walter Little to collect tens of

thousands of dollars of prejudgment interest, which allegedly accrued on the Montana Judgment, are improper.

Fourth, the Bankruptcy Court Judgment is against both Mr. and Mrs. Gomez. Although current counsel for the Gomezes argues that since Mr. Gomez was not named in the Montana Judgment, the judgment should not be against both of the Gomezes. The time to raise that argument was eight years ago.[6] The court also notes that Mr. Gomez has been aware that for many years money has been withheld from his paychecks as a result of the judgment. Therefore, Mr. Gomez has waived his right to argue that the Bankruptcy Court Judgment should only be against Terigene Gomez. *See Pringle v. Rainsdon (In re Pringle)*, 495 B.R. 447 (B.A.P. 9th Cir. 2013).

Fifth, the Bankruptcy Court Judgment accrues postjudgment interest at the federal judgment rate. The Bankruptcy Court Judgment states that it includes "interest as allowed by law." Nowhere did the Estate of Walter Little request interest at a specific rate. Therefore, at this late date, the court will not amend the Bankruptcy Court Judgment to make up for counsel's failure to request an interest

---

[6] The preamble to the answer filed in the adversary provides that "*Jimmy* & Terigene Gomez, by and through their counsel, Robert C. Hahn, III, hereby submits the following Answer in in [sic] response to the Plaintiff's Complaint to Determine Non-Dischargeability of Debt." *See* ECF No. 8, p. 1 (emphasis added). The answer then consistently refers to "Defendants" – meaning both Jimmy and Terigene Gomez. Additionally, Mr. Hahn never argued that the Bankruptcy Court Judgment should be against only Mrs. Gomez, and later Mr. Hahn signed off on the form of the Bankruptcy Court Judgment that was against both Mr. and Mrs. Gomez.

rate that is greater than the rate provided for in 28 U.S.C. § 1961.[7] Eight years after the litigation was completed it is too late for the court to conclude that a higher Montana or Washington postjudgment interest rate should apply.[8] The interest rate on the Bankruptcy Court Judgment, as of the date it was entered (November 20, 2008), is 1.12 percent (1.12%) per annum.[9]

Sixth, the balance owed by Mr. and Mrs. Gomez on the Bankruptcy Court Judgment, as of November 10, 2016, is significantly less than the $213,390.11 amount shown in the accounting prepared by Mr. Beyer.[10] When interest is properly

---

[7] The federal statute providing for interest on a money judgment in a civil case applies in the bankruptcy court context. *See*, *e.g.*, *In re Cardelucci*, 285 F.3d 1231, 1235 (9th Cir. 2002); and *In re Pester Ref. Co.*, 964 F.2d 842, 849 (8th Cir. 1992). In federal cases, postjudgment interest is allowed at the rate established in 28 U.S.C. § 1961. *See, e.g.*, *Van Asdale v. Int'l Game Tech.*, 763 F.3d 1089, 1092 (9th Cir. 2014). The award of postjudgment interest is a statutory entitlement that is not forfeited even if there is not a request for interest raised in the complaint. *See*, *e.g.*, *Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1104 (7th Cir. 1990).

[8] Postjudgment interest rates vary significantly based on the "applicable law" that applies. The interest rate on federal judgments is based on the treasury yield. *See* 28 U.S.C. § 1961. The interest rate on many Montana judgments is 10% per annum. *See* Mont. Code Ann. § 25-9-2050. The interest rate on many Washington judgments is 12% per annum. *See* RCW 4.56.110 and 19.52.020.

[9] For the applicable interest rate for a specific date, s*ee*, Board of Governors of the Federal Reserve System, https://www.federalreserve.gov (last visited Dec. 13, 2016).

[10] Mr. Beyer's accounting shows a balance owed on the Bankruptcy Court Judgment of $213,390.11 as of November 10, 2016. ECF No. 46, p. 11. However, this balance includes substantial prejudgment interest, which this court has previously explained is not allowed and was discharged, and includes substantial postjudgment interest calculated at the rate of 12 percent per annum rather than the much lower federal judgment rate that this court previously explained applies. The total amount of accrued interest asserted by Mr. Beyer is $113,210.11. ECF No. 46, p. 11.

calculated, and payments are considered, the outstanding balance on the Bankruptcy Court Judgment is currently less than $100,000.00.[11]

The court will enter an order that is consistent with this Memorandum Decision.

///END OF MEMORANDUM DECISION///

---

[11] Since the postjudgment interest rate applicable to the Bankruptcy Court Judgment is 1.12 percent per annum, as allowed by 28 U.S.C. § 1961, simple interest on the total judgment amount of $100,650.00, from November 20, 2008 through November 20, 2016, is only $9,018.24 (.0112 x 8 x $100,650.00 = $9,018.24). Also, as pointed out previously, there were plan payments of at least $10,994.52 and garnished wages of at least $10,466.59.